UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUIXTAR INC.,

      Petitioner,

Case No. 08-14346

Hon. Gerald E. Rosen

v.

CHRIS BRADY, *et al.*,

      Respondents.
_____/

QUIXTAR INC.,

      Petitioner,

Case No. 08-14347

Hon. Gerald E. Rosen

v.

BILLY FLORENCE, *et al.*,

      Respondents.
_____/

AMWAY GLOBAL,

      Petitioner,

Case No. 09-12946

Hon. Gerald E. Rosen

v.

ORRIN WOODWARD, *et al.*,

      Respondents.
_____/

ORRIN WOODWARD, *et al.,*

    Petitioners,

v.

AMWAY CORP.,

    Respondent.

Case No. 09-15034

Hon. Gerald E. Rosen

_____/

# ORDER DENYING JOINT MOTIONS
# FOR RETURN OF SEALED PLEADINGS AND DOCUMENTS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on          May 16, 2011      

PRESENT:  Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

     In each of the four above-captioned cases, the parties have jointly moved for the return of any and all sealed pleadings and documents filed with the Court in the course of these suits. To the extent that these materials were filed electronically, the parties request that these submissions be purged from the Court's electronic docket. In support of these requests, the parties note that each of the above-captioned cases is closed and fully resolved, and they assert that, under these circumstances, "there is no compelling reason for the Court to maintain pleadings and other documents submitted under seal." (Case No. 08-14346, 12/13/2010 Joint Motion at 1.)

     The Court cannot agree. As much as the parties might wish to downplay the interests of the Court and the public in ensuring that there is a complete and lasting record

of the submissions through which the parties sought relief and favorable rulings from the Court, the law clearly and emphatically recognizes these interests and demands that they be protected. The Sixth Circuit has emphasized the "strong common law presumption in favor of public access to court proceedings and records." *Brown & Williamson Tobacco Corp. v. Federal Trade Commission,* 710 F.2d 1165, 1179 (6th Cir. 1983). While "content-based exceptions to the right of access have been developed" to protect such interests as the "privacy rights of participants or third parties, trade secrets and national security," *Brown & Williamson,* 710 F.2d at 1179, a court's discretionary authority to issue protective orders and limit public access to litigation materials is "circumscribed by a long-established legal tradition which values public access to court proceedings," and parties may not be permitted to usurp this judicial role and "adjudicate their own case based upon their own self-interest," *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir. 1996) (internal quotation marks and citation omitted).

To be sure, the parties here have been afforded considerable latitude in filing materials under seal, a practice that has encompassed not just a smattering of purportedly confidential business documents, but nearly all of the motions, briefs, and accompanying exhibits through which the parties have sought rulings on the merits of their claims and defenses.[1] Yet, even assuming such widespread filing under seal was appropriate, this

---

[1] This Court has previously expressed its disapproval of the broad, seemingly indiscriminate designation of virtually all materials in a case as "confidential" and subject to filing under seal. *See Rainbow Nails Enterprises, Inc. v. Maybelline, Inc.,* 93 F. Supp.2d 808, 810 n.1 (E.D. Mich. 2000). Moreover, the Local Rules of this District discourage this practice by mandating a specific showing of authority before an item may be filed under seal. *See* Local

hardly justifies the much more far-reaching relief sought through the present motions — *i.e.,* not merely retaining materials under seal after the parties' disputes have been resolved and these proceedings have concluded, but altogether excising these sealed materials from the permanent record through which the parties' positions and the Court's rulings are memorialized. It should come as no surprise that the parties have utterly failed to identify any authority that would permit the Court to redact its docket in this manner.

Indeed, all authority is to the contrary. In a number of cases, the courts have recognized a presumption of public access to judicial rulings *and* all materials filed with the court that are "relevant to the performance of the judicial function and useful in the judicial process." *S.E.C. v. TheStreet.Com,* 273 F.3d 222, 231 (2d Cir. 2001) (internal quotation marks and citation omitted); *see also Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir. 2009); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1312 (11th Cir. 2001); *Pepsico, Inc. v. Redmond,* 46 F.3d 29, 31 (7th Cir. 1995); *Flagg v. City of Detroit,* 268 F.R.D. 279, 293 (E.D. Mich. 2010). This common-law right of access has been characterized as "an essential component of our system of justice" that is "instrumental in securing the integrity of the process." *Chicago Tribune,* 263 F.3d at 1311. Here, the parties have not even acknowledged the existence of this presumptive

---

Rule 5.3(b)(2)(A), Eastern District of Michigan. Indeed, even the parties themselves have expressed strongly diverging views in the course of these proceedings as to the necessity of maintaining materials under seal. (*See, e.g.,* Case No. 09-12946, Respondents' 11/30/2009 Br. Opposing Petitioner's Mtn. for Protective Order, at 10 (arguing that while "Amway erroneously asserts that there is no public interest involved in these records," there is in fact "**always** a strong public interest in maintaining open courts" (emphasis in original)).)

right of access, but instead have inappropriately sought to shift the burden to the Court to identify a "compelling reason" for retaining materials they themselves have placed on the docket in aid of their efforts to elicit rulings and awards of relief in their favor. Plainly, then, the parties have failed to establish a basis for overcoming the public right of access to these materials. Still less, of course, have they established a basis for altogether *erasing* these materials from the record. *See Chicago Tribune,* 263 F.3d at 1311 (observing that "heightened scrutiny" is warranted when a court "conceals the record of an entire case," and that this additional scrutiny "is necessitated by the fact that entire civil cases otherwise open to the public are erased as if they never occurred").

In short, the materials filed in aid of judicial resolution of a dispute voluntarily brought before the courts can no longer be viewed as the property of the parties to be disposed of as they see fit. Rather, these materials, upon filing, become a part of the record of a public institution whose proceedings are conducted almost entirely in the open and whose rulings are subject to public scrutiny. While the parties to these cases may have resolved their differences, and thus are no longer in need of judicial assistance, this does not justify erasing the history of their past requests for the Court's intervention on their behalf. Certainly, the parties have not identified any authority that would permit such a purge of a presumptively public record, and the authorities reviewed by the Court instead proscribe this course of action.[2] Accordingly, for these reasons,

---

[2] Along with the materials they filed on the docket in the above-captioned cases, the parties also delivered "Judge's copies" of certain of these materials directly to chambers.

NOW, THEREFORE, IT IS HEREBY ORDERED that the following motions brought in the above-captioned cases are DENIED:

(i)  Case No. 08-14346, December 13, 2010 joint motion for return of sealed pleadings and documents (docket #92);

(ii)  Case No. 08-14347, December 13, 2010 joint motion for return of sealed pleadings and documents (docket #91);

(iii)  Case No. 09-12946, December 3, 2010 joint motion for return of sealed pleadings and documents (docket #100); and

(iv)  Case No. 09-15034, December 3, 2010 joint motion for return of sealed pleadings and documents (docket #5).

SO ORDERED.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated:  May 16, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 16, 2011, by electronic and/or ordinary mail.

        s/Ruth A. Gunther
        Case Manager

---

Nothing in the present ruling should be construed as prohibiting the parties from reclaiming any "Judge's copies" of sealed materials; to the contrary, it is the Court's usual practice to insist that parties retrieve these materials from chambers at the conclusion of a case.